## UNITED STATES v. SWAN.

(District Court, N. D. California, S. D. October 18, 1926.)

No. 17864.

**1. Arrest ⬤⟵71—Search without warrant, induced by smell of mash, held not incidental to subsequent arrest for possessing unregistered still (Pen. Code Cal. § 836).**

Search without warrant of premises from which the smell of fermenting mash was escaping *held* not incidental to arrest of defendant, who later appeared, under Pen. Code, Cal. § 836, as for felony actually committed, namely, possession of an unregistered still in violation of revenue law.

**2. Arrest ⬤⟵71.**

Pen. Code Cal. § 836, authorizing search as incident to lawful arrest for felony, *held* applicable to arrest by federal agents.

**3. Internal revenue ⬤⟵42.**

Search without warrant, induced by odor of mash and not incidental to arrest, *held* not authorized by Rev. St. § 3276 (Comp. St. § 6016), empowering revenue officers to force doors or windows, day or night, in order to search distillery.

**4. Constitutional law ⬤⟵48.**

Courts will give act of Congress interpretation to render it constitutional, rather than to destroy it.

**5. Internal revenue ⬤⟵42—Statute empowering revenue officers to search "distillery" held inapplicable to all places of illegal manufacture of liquor.**

Rev. St. § 3276 (Comp. St. § 6016), empowering revenue officers to search "distillery," *held* applicable only to breweries, distilleries, and like places, and not to all places where illegal manufacture of liquor is carried on.

[Ed. Note.—For other definitions, see Words and Phrases, Distillery.]

Milton Swan was charged with felonious possession of an unregistered still, and he petitions for the suppression of certain evidence. Evidence ordered suppressed.

George J. Hatfield, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., both of San Francisco, Cal.

Frank J. Hennessy, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. [1] Certain government agents, commissioned to enforce the National Prohibition Act (Comp. St. § 10138¼ et seq.) and all internal revenue laws relating to intoxicating liquor, were informed that an unregistered still was being operated at 2632 Bush street, in the city and county of San Francisco. On April 15, 1926, they went to the premises, and while standing on the sidewalk detected a

strong odor of fermenting mash, which emanated directly from them.

The premises in question consisted of a dwelling house, where the plaintiff resided, and in the lower portion of which intoxicating liquor was being manufactured by him. The officers entered through open doors, but found no one present except a small boy. After questioning him, they opened an inner door, which was fastened with a wooden bar, and in the rear portion of the building found a 50-gallon still, together with 100 gallons of mash.

About half an hour later, before they had left the premises, the defendant entered, and was immediately placed under arrest. He has been charged with the felonious possession of an unregistered still, and now petitions for its suppression as evidence on the ground that his constitutional rights have been invaded.

[2] Were this a case arising under the National Prohibition Act, there can be no doubt that the evidence must be suppressed. Schroeder v. United States (C. C. A. 9) 14 F.(2d) 500. But an indictment has been found under the revenue laws, and the government's first contention is that by virtue of section 836 of the Penal Code of California the search was justified as incident to a lawful arrest where a felony had in fact actually been committed.

That section, so far as untrammeled by constitutional limitations, is applicable to arrests made by federal agents. Cline v. United States (C. C. A. 9) 9 F.(2d) 621. But in the case at bar the search was in no sense incidental to an arrest, and moreover was entirely completed before any arrest was made. The facts are, in brief, entirely indistinguishable from those in Temperani v. United States (C. C. A. 9) 299 F. 365, 367, where it was held that search of a garage beneath a one-story building, from which came odors arising from the manufacture of intoxicating liquor, was not justifiable, as made to effect an arrest committed in the presence of certain officers, where the offender was not in the garage and they had no reason to suspect his presence there.

[3] It is, however, argued that since Revised Statutes, § 3276 (Comp. St. § 6016), empowers revenue officers "at all times as well by night as by day, to break open by force any of the doors or windows, or to break through any of the walls of such distillery" in order to enter the same, this search may be upheld. By way of answer it may well be observed that searches and seizures under the Internal Revenue Laws are subject to the same constitutional limitations as those under the National Prohibition Act. Wagner v. United States (C. C. A. 8) 8 F.(2d) 581, 584. A search void under one law may not be upheld by charging an offense committed against the other. It is not the statute with which we are concerned, but a stringent constitutional inhibition against unreasonable searches and seizures, and only casual reference is necessary to show that indiscriminate breaking under the revenue laws were abuses intended by the framers of our Constitution to be denied. See John Adams' Works, Appendix, 523–525; 2 Hart, American History Told by Contemporaries, 374.

[4] It is a fundamental rule of statutory construction that the courts will give to an act of Congress an interpretation which will render it constitutional rather than to destroy it. United States v. Jin Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854. The revenue statutes having to do with intoxicating liquor may be so construed, and moreover they are susceptible of such construction, without departure from precedent. As said in United States v. Hilsinger (D. C.) 284 F. 585, 590, affirmed on other grounds (C. C. A. 6) 2 F.(2d) 241, this statute "is not thought to warrant a search or seizure elsewhere than in a place like a brewery or distillery, where such articles are *avowedly* made or kept; that is to say, it is thought that when one *avowedly* goes into the business of producing such articles, registers his manufactory with the collector of internal revenue, then it becomes subject and he subjects it to the provisions and terms of this statute.

[5] "*This statute is not thought to extend to all places where illegal manufacture is carried on. That would amount to a blanket warrant to search for excisable articles, void under the Constitution.* To give this act a constitutional construction, it seems to me that it must be restricted to breweries, distilleries and like places where the manufacture of excisable articles is *avowedly* carried on." (Italics mine.)

The distinction between this case and that of a registered distillery is broad and obvious. One who registers a still in effect consents to its being searched by proper officers at any time. One who does not gives no such consent, and for this reason the statute has no application to him. The search herein was unreasonable and void.

The evidence must therefore be suppressed; and it is so ordered.