[No. 35481. Department One. December 22, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. WILBERT BROOKS, *Appellant*.[1]

*Jack E. Tanner* and *Edward M. Lane,* for appellant.

*John G. McCutcheon, Donald F. Herron* and *Robert L. Rovai,* for respondent.

HUNTER, J.—This is an appeal from a conviction for the crime of grand larceny. The sole question is whether certain evidence was obtained as a result of an illegal search and seizure.

On November 23, 1959, at approximately 7:30 p. m., police officers in the city of Seattle noticed an automobile parked

[1]Reported in 357 P. (2d) 735.

in a "no-parking" zone. They also observed one person sitting in the front seat and another sitting in the back seat—both on the right-hand side. Thereupon, the officers stopped and approached the vehicle on foot. The person in the back seat alighted from the automobile through the right-rear door, but was detained by one of the officers. The other officer reopened the right-rear door and commenced to question the person in the front seat, the defendant, regarding the ownership of the vehicle. In response, the defendant answered that the car did not belong to him, but rather, it belonged to a person named Louis, who was up the street at the time. The officer then examined the registration form in the car, and while doing so, observed some clothes hangers lying on the floor in the rear of the car, and some paper bags containing clothing in the front and back seats. The parts of the clothing protruding from the bags within plain view of the officer were uncuffed pants. This was pointed out to the other officer and the clothing was pulled from the bags, revealing it consisted of four new men's suits with the sales tags still attached. The defendant was asked from where these articles came; he answered that he neither owned them nor knew anything about them. Thereupon, he was placed under arrest, taken to the city jail, and booked on a suspicion of burglary and larceny charge.

Prior to the trial, the defendant moved that the evidence consisting of the four suits be suppressed as evidence obtained by a search and seizure, in violation of Art. I, § 7, of the constitution of the state of Washington. The motion was denied by the trial court, and the defendant properly preserved his objection during and after the trial. Upon judgment and conviction on two counts of grand larceny, the defendant appeals.

It is not disputed that the search and seizure occurred without a search warrant or a warrant for the arrest of the appellant.

The appellant's position on appeal is based upon the rule that evidence obtained by means of an illegal search and seizure is not admissible in a criminal action if the accused

has made a timely objection. *State v. Buckley,* 145 Wash. 87, 258 Pac. 1030 (1927); and *Tacoma v. Houston,* 27 Wn. (2d) 215, 177 P. (2d) 886 (1947). It is not disputed, however, that a search and seizure made without a search warrant or a warrant for the arrest of the accused is valid when made *incident to a lawful arrest. State v. Smith* 56 Wn. (2d) 368, 353 P. (2d) 155 (1960), and cases cited. It is the appellant's contention that the automobile and the paper bags were not searched, and the clothing was not seized incident to a lawful arrest. In deciding this, two questions must be answered in so far as they are relevant to the instant case: (1) what is a lawful arrest? and (2) when is a search and seizure *incident to* a lawful arrest?

One instance when an arrest by a police officer is lawful is when he believes, and has reasonable cause to believe, that a felony has been, is being, or is about to be committed, and that the person he arrests is or will be the felon. *State v. Smith, supra,* and cases cited therein. In *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841 (1923), we stated:

" . . . Proper cause for arrest has often been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. An officer may not arrest simply because he has some fleeting idea that one may be about to commit a felony, but he must have a reasonable ground for his belief. . . ."

In the instant case, it appears from the record that the arresting officers had sufficient cause to believe a felony had been or was being committed by the appellant. They saw clothing consisting, in part, of uncuffed pants stuffed into two paper bags. Since this is a condition in which such property obtained by theft could be expected to be found, it was reasonable for the officers to believe the clothing was stolen property. Further, they saw the appellant in the automobile with the clothing. From this they could reasonably conclude the appellant was in possession of the clothing. Upon the basis of these observations, the officers could reasonably conclude that the appellant had committed the

crime of grand larceny under RCW 9.54.090, by receiving wrongfully appropriated property of the value of more than seventy-five dollars. Therefore, the officers had proper cause upon which to base an arrest of the appellant.

Was the search and seizure *incident to* the lawful arrest? The appellant contends that a search and seizure made *prior to* the arrest cannot be *incident to* the arrest. We disagree. This issue has not been heretofore directly considered by this court. In the cases of *State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394 (1922), and *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922 (1929), we did hold a search and seizure to be lawful where it was made immediately prior to the arrest. However, in those cases, its legality did not turn on the question of whether the searches and seizures were made before or after the arrest. In *People v. Martin,* 45 Cal. (2d) 755, 290 P. (2d) 855 (1955), the Supreme Court of California specifically passed on this issue, stating:

" . . . it is immaterial that the seizure of the paraphernalia used in the commission of the crime may have preceded rather than followed the arrest [*People v. Simon,* 45 Cal. (2d) 645, 290 P. (2d) 531.]"

The court in the *Simon* case stated:

" . . . Accordingly, the search of defendant's person may be justified only if he was committing or attempting to commit an offense in the officer's presence . . . or the officer had reasonable cause to believe he had committed a felony. . . . In such circumstances, however, it has been held that it is not significant whether the search precedes or follows the arrest. (*State v. McDaniel,* 115 Ore. 187 [237 P. 373, 376]; *State v. Reynolds,* 101 Conn. 224 [125 A. 636, 637-638]; *Ingle v. Commonwealth,* 204 Ky. 518 [264 S. W. 1088, 1090]; *Knight v. State,* 171 Ark. 882 [286 S. W. 1013, 1014-1015]; see also *Clark v. State,* 78 Okla. Crim. 423 [149 P. 2d 994, 997]; *State v. Rotolo,* 39 Wyo. 181 [270 P. 665, 666-667].) Thus, if the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested and the place where he is arrested, there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest. In fact, if the person searched is innocent and

the search convinces the officer that his reasonable belief to the contrary is erroneous, it is to the advantage of the person searched not to be arrested. On the other hand, if he is not innocent or the search does not establish his innocence, the security of his person, house, papers, or effects suffers no more from a search preceding his arrest than it would from the same search following it. In either case the important considerations are whether the officer had reasonable cause before the search to make an arrest and whether the search and any seizures incident thereto were or were not more extensive than would reasonably be justified as incident to an arrest. (See *United States v. Rabinowitz,* 339 U. S. 56, 60-64 [70 S. Ct. 430, 94 L. Ed. 653].) We conclude, therefore, that a search is not unlawful merely because it precedes rather than follows the arrest."

The court also stated in a footnote in the *Simon* case:

"In most of the cases cited for a contrary rule (*United States v. Swan,* 15 F. 2d 598, 599; *Raniele v. United States,* 34 F. 2d 877, 880; *Papani v. United States,* 84 F. 2d 160, 164; *United States v. McCunn,* 40 F. 2d 295, 296; *United States v. Setaro,* 37 F. 2d 134, 136-137; *United States v. Sully,* 56 F. Supp. 942, 943-944; *United States v. Waller,* 108 F. Supp. 450, 452-453), there were either other reasons for holding the search unreasonable or the statement of the rule was dictum. Thus, in *United States v. Waller, supra,* although the court stated that a search that preceded an arrest could not be justified as incident thereto, it held that defendant had consented to the search. In *Raniele v. United States, supra,* the court was of the opinion that before the search the officers had insufficient grounds for believing an offense was being committed in their presence (see also *United States v. Setaro, supra*), and in *United States v. Swan, supra,* and *United States v. McCunn, supra,* defendant was not present or discovered by the officers until after the search was completed."

We think this reasoning of the California court is persuasive and hold that a search and seizure made *prior* to a lawful arrest *may* be considered as made incident thereto. The instant case is distinguishable from the situation where sufficient grounds to make a lawful arrest did not exist before the search and seizure objected to was made, as in *State v. Buckley, supra,* and *Tacoma v. Houston, supra.*

In the instant case, one of the officers opened the auto-

mobile door in order to question the appellant regarding the ownership of the automobile. This was not a part of an illegal search. On the contrary, it was a reasonable course for a police officer to take in handling a case of an illegally parked car when someone was sitting in it. Once lawfully in that position, the officer could observe what was there to be seen. As we stated in *State v. Llewellyn, supra*:

" . . . Once in the place, the officers were justified in taking cognizance of the fact that a crime was being committed by the defendant. The evidence thereof was before their very eyes; it took no search to find it. . . ."

The officer saw paper bags with clothing consisting of uncuffed pants protruding from them while he was in the process of questioning the appellant concerning ownership of the automobile. As we have above decided, upon this observation, a lawful arrest could have been made. Therefore, the search into the paper bags and seizure of the contents prior to the arrest of the appellant was lawful, and the trial court properly denied the motion to suppress this evidence.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

---

February 8, 1961. Petition for rehearing denied.