[No. 37001.  Department Two.  June 18, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES CHARLES JOHNSON, *Appellant*.*

*James P. Billberg,* for appellant.

*C. E. Hormel,* for respondent.

WEAVER, J.—Defendant James Charles Johnson appeals from a conviction of the crime of forgery in the first degree.

In Othello at approximately 4 p.m. August 4, 1962, a man, later identified as Horles Sielas, attempted to cash a bank check at a supermarket operated by Jack Vickery. The check, which was completely written and endorsed before it was brought into the supermarket, was offered to one of the supermarket checkers who took it to Mr. Vickery for approval. The check was purportedly drawn by one Bob Rissum, payable to Callar Thompon, and endorsed by him. Upon examination, Mr. Vickery noticed that the writing on the back of the check appeared to be the same

*Reported in 393 P. (2d) 284.

as that on the front. He told Mr. Sielas that he "couldn't handle the check" and returned it to him. Mr. Sielas left immediately. Mr. Vickery testified that he saw Mr. Sielas meet another man, whom Mr. Vickery later identified as defendant, leaning against the bulkhead outside the store. He said that the two had "entered the parking lot together, come to the front door of the store together, and left together."

Immediately following their departure, Mr. Vickery telephoned the Othello police station and talked with Police Chief James Pinckard. He told Chief Pinckard about the attempt to cash the check, the amount of the check, the arrival and departure of the two men, their description, and the direction they had taken upon leaving the store area. Although he did not tell the Chief that he thought a forgery had been committed he did say: "I told the chief that my supposition was that I felt that the check had all been written by one individual, and that I felt it should be investigated."

Chief Pinckard and Officer Johnson immediately left the police station and drove in the direction of the supermarket. A short distance from the supermarket they stopped two men whose identification matched that given to the Chief by Mr. Vickery. While talking to the two men, who later proved to be Mr. Sielas and defendant, the police made a preliminary weapons search. No weapons were found.

Defendant was known to the Chief of Police. The Chief asked Mr. Sielas, whom he did not know, for some identification. When Mr. Sielas produced his wallet, the Chief asked to examine it. Mr. Sielas made no objection. In the course of examining the wallet, the Chief discovered the check which became the subject matter of the information filed against defendant.

Mr. Sielas told the police, and later testified, that he had been with defendant when he wrote the check in the Othello post office; that defendant had tried unsuccessfully to cash it in another market; and that defendant had then given the check to him to attempt to cash at the supermarket operated by Mr. Vickery.

Defendant assigns error to the trial court's refusal to suppress the check as evidence and to its admission in evidence at trial over timely objection. Its admissibility depends upon the legality of the arrest; and that, in turn, depends upon whether the arresting officers had reasonable and probable cause to believe that a felony had been committed.

An arrest by a police officer is lawful when he has reasonable cause to believe that a felony has been committed and that the person arrested is the felon. *State v. Brooks,* 57 Wn. (2d) 422, 357 P. (2d) 735 (1960), *State v. Maxie,* 61 Wn. (2d) 126, 377 P. (2d) 435 (1962), and cases cited.

In the instant case, Chief Pinckard had reasonable cause to believe that a felony had been committed. Mr. Vickery had told the Chief that the writing on the check appeared to have been done by the same individual. Without calling the check a forgery, Mr. Vickery still described the incident in such a manner that a trained police officer could only come to the conclusion that a forgery had, in fact, been committed. This we find constitutes probable cause that a felony had been committed.

Chief Pinckard also had reasonable cause to believe that the persons arrested were the felons. Mr. Vickery had given him a detailed description of the two men, including their clothing, their race, and the direction they had taken when leaving the supermarket a few moments before. This constitutes reasonable grounds for arrest. *State v. Thompson,* 58 Wn. (2d) 598, 364 P. (2d) 527 (1961).

Defendant claims that the court erred when it refused defendant's request to recall Chief Pinckard to the stand for further cross-examination. The right to recall a witness for further cross-examination is within the discretion of the trial court. *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084 (1915). Since defendant had previously cross-examined the Chief of Police extensively, we cannot say that the trial court abused its discretion.

■ Defendant alleges that his constitutional rights have been impaired in the preparation of this appeal, because, as an indigent defendant appearing in forma pauperis with court appointed counsel, he did not receive the necessary transcript and statement of facts at county expense. This assignment of error fails for two reasons: (1) he does not point out in what respect the transcript and statement of facts are incomplete; and (2) he failed to request any additions to the transcript or statement of facts.

Counsel makes the unique contention that his client's rights were impaired because the trial court awarded him only $100 as a fee to prepare defendant's brief on appeal. We find appellant's brief adequate; neither defendant nor counsel was prejudiced. Further, it is not the province of this court to determine the amount of attorney's fee on appeal for court appointed counsel.

The judgment is affirmed.

HILL, FINLEY, and HAMILTON, JJ., and DENNEY, J. Pro Tem., concur.

DENNEY, J.[†] (concurring specially)—I agree that the arrest was made upon probable cause and that the check was obtained incident to a lawful arrest and therefore admissible. I have signed the opinion, however, with the understanding that it does not impliedly suggest that appellant could obtain an order suppressing the check as evidence if arrest was made without probable cause, where the evidence was secured incident to the arrest of a person other than appellant in a public place.

---

[†]Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.