552

[No. 39952.     Department Two.     March 20, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY GRAY KINGSLEY, *Appellant*.*

*Young & Hoff* and *Victor V. Hoff*, for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Jerry Brian Riess*, for respondent.

JOHNSEN, J.†—The defendant, Gary G. Kingsley, was convicted of violating the Uniform Narcotic Drug Act (RCW 69.33), was granted probation on condition he serve 60 days in the county jail, and now appeals. The only error assigned relates to the trial court's failure to suppress certain evidence.

At about 11 p.m. on February 17, 1967 the Seattle Police Department received a complaint from a resident that he was disturbed by a loud party next door. Two detectives responded and determined that the noise could be heard from the complainant's kitchen. After calling the nearest police precinct for uniformed assistance, the detectives crossed a picket fence into appellant's backyard. When the

*Reported in 452 P.2d 545.

†Judge Johnsen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

uniformed officers went to the front door, the detectives observed appellant go to the back door and throw several articles to the ground, including a container of marijuana. After seizing the articles, one of the detectives entered the house and arrested appellant. None of the officers had a search warrant or a warrant of arrest. The only question presented on this appeal is whether the trial court properly refused to suppress the seized evidence.

In contending that a fenced yard is part of a person's home, protected from invasion by the police, appellant relies on two cases: *Hobson v. United States,* 226 F.2d 890 (8th Cir. 1955) and *Beale v. State,* 230 Md. 182, 186 A.2d 213 (1962). In *Hobson,* the defendant threw contraband into an enclosed backyard just before or just after police officers forcibly entered the front door of defendant's house. The officers claimed they were there for the purpose of arresting defendant's wife, but had no warrant although they had a month to obtain one. The court said they were there illegally, thus any evidence seized should be suppressed. In the *Beale* case police officers said they went to defendant's residence at 3 a.m. to talk about a previous arrest. When they arrived one of them demanded admittance. It was then that the defendant threw damaging evidence from the house where it was seized by another officer.

In each of these cases the officers were acting illegally. In *Hobson,* the officers were on the premises to make an arrest without a warrant. In *Beale,* they had no right without a warrant to demand admittance to a private home at 3 o'clock in the morning. Compare the total atmosphere of those cases with the one here. There had been a complaint that the peace and quiet of the neighborhood was disturbed. Upon investigation, the officers confirmed the truth of what they were told. There was ample evidence of a misdemeanor in their presence. One group of officers went to the front door, another to the rear. There was nothing to suggest that the officers had an ulterior motive in the method of their investigation as in *State v. Michaels,* 60 Wn.2d 638, 374 P.2d 989 (1962).

The situation here is analogous to that in *State v. Sullivan,* 65 Wn.2d 47, 395 P.2d 745 (1964) and *State v. Brooks,* 57 Wn.2d 422, 357 P.2d 735 (1960), where this court ruled that evidence discovered in plain view by police officers conducting a legitimate investigation was properly admitted. From the instant record it is difficult to conclude that there was a search; literally the evidence was thrown at their feet.

We conclude that the trial court correctly denied the defendant's motion to suppress evidence. The judgment is affirmed.

HUNTER, C. J., ROSELLINI, HALE, and NEILL, JJ., concur.

May 21, 1969. Petition for rehearing denied.