[No. 24541–4–I. Division One. October 29, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN BRANTIGAN, *Appellant.*

482

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

RINGOLD, J.*—After his motion to suppress evidence was denied, the defendant, John Brantigan, waived jury trial and agreed to submit his case to the trial court on stipulated facts. The trial court found defendant guilty of the unlawful possession of cocaine and sentenced him to 60 days' confinement and ordered him to pay various fees.

On appeal Brantigan contends that the trial court erred in denying his motion to suppress the cocaine seized during a search of his person. Brantigan argues that the search was improper because he had not been placed under custodial arrest at the time of the search. The trial court did not err in refusing to suppress the evidence; accordingly, we affirm.

At approximately 5:15 a.m. on the morning of October 22, 1988, Officer Parker of the City of Everett Police Department observed Brantigan sitting in his vehicle. Officer Parker decided to observe the defendant. Brantigan got out of his vehicle and appeared to work on the engine. He got back into his vehicle, threw some paper trash out of the car and then drove off. Officer Parker followed and stopped Brantigan as he pulled into a service station/market in the next block. The officer informed the defendant that he had stopped him for littering. While both the officer and Brantigan were standing outside the defendant's car, Parker asked for Brantigan's driver's license and began a routine

---

*Judge Solie M. Ringold is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

check. While waiting for the results, Parker shined a flashlight into the interior of the car. He observed a large spoon with liquid and white powder in it lying on the transmission hump, and a beer can fashioned into a smoking pipe sitting on the passenger side of the front seat. From his experience Parker recognized that these were narcotics paraphernalia. Upon seeing these items Officer Parker reached into the car, took possession of the spoon and beer can and then advised Brantigan he was under arrest for possession of narcotics paraphernalia. In the course of a subsequent pat–down search of Brantigan the officer discovered two packets of suspected cocaine in the defendant's right front pocket.

At the hearing on the motion to suppress the cocaine as the fruit of an illegal search, Brantigan's attorney asked Parker if the defendant would have been taken into custody if the cocaine had not been found. The officer replied that he would not have taken the defendant into custody only on the paraphernalia charge.

### EFFECT OF NONCUSTODIAL ARREST

The issue before us is: where grounds for a custodial arrest existed prior to a search conducted in the course of that arrest, was that search made improper by the arresting officer's later statement that he would have released the defendant had he not found the evidence discovered in the course of that search?

■ In an appellate review of a trial court's action denying a motion to suppress evidence the constitutional rights at issue compel an independent evaluation of the evidence. *State v. Daugherty*, 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958 (1981); *State v. Flowers*, 57 Wn. App. 636, 641, 789 P.2d 333, *review denied*, 115 Wn.2d 1009 (1990).

Brantigan concedes that the possession of narcotics paraphernalia would support a (custodial) arrest. He urges

that, because the officer admitted at the CrR 3.6 hearing on the motion to suppress that he would have released the defendant on the paraphernalia charge, there was no custodial arrest prior to the search, and therefore the search of his person was invalid.

In *State v. Henneke*, 78 Wn.2d 147, 149–50, 470 P.2d 176 (1970), the general principles applicable here were stated as:

> It is recognized and accepted that the language of the fourth amendment to the United States Constitution does not denounce all searches. It proscribes only those which are unreasonable. *United States v. Rabinowitz*, 339 U.S. 56, 94 L. Ed. 653, 70 S. Ct. 430 (1950). The underlying test is whether a given search is reasonable, and this depends upon the facts, circumstances and exigencies confronting the officers conducting the search. *State v. Palmer*, 73 Wn.2d 462, 438 P.2d 876 (1968); *State v. Gibson*, 76 Wn.2d 814, 459 P.2d 22 (1969).

In *Henneke* the court went on to state that the justification for allowing a warrantless search incident to arrest is to uncover fruits of the crime involved, to thwart destruction of evidence and/or to discover and seize weapons or other instruments which could be used to assault the arresting officers or to effect an escape. The court stated that this rationale applies to arrests for misdemeanors committed in the presence of the officer and that evidence seized incident to the arrest could be used in the prosecution for a crime other than the one which engendered the original arrest.

Brantigan contends that to be "reasonable" a pat–down search incident to arrest must be incident to a "custodial" arrest. He asserts that the element of "custody" was missing here because the officer indicated a subjective intent to allow the defendant to leave with a misdemeanor citation if the cocaine had not been discovered.

*State v. Brooks*, 57 Wn.2d 422, 425–26, 357 P.2d 735 (1960), *cited with approval* (and as decisive) *in People v. Simon*, 45 Cal. 2d 645, 290 P.2d 531 (1955). *Simon* held that if an officer has probable cause to make an arrest based on the information available to him before he searches, there is nothing unreasonable in his conduct if he

conducts the search prior to instead of after the arrest, as long as the scope of the search does not exceed that justified as incident to the arrest.

In support of his argument Brantigan relies on three cases. Each of these cases is distinguishable. The Supreme Court in *State v. Hehman,* 90 Wn.2d 45, 578 P.2d 527 (1978) declared as a matter of public policy that a custodial arrest for minor traffic violations is improper unless the driver is impaired or refuses to sign a promise of appearance. This is inapplicable to the facts of this case.

In *State v. Carner,* 28 Wn. App. 439, 624 P.2d 204 (1981), the defendant had been properly placed under custodial arrest for serious traffic violations. He had been searched for weapons and fruits of the crime and nothing was discovered. A decision had been made to release him when one of the officers involved decided to subject him to a final search which did discover drugs. The court held that after the decision to release the defendant was made, any *additional* search on top of those already conducted was unreasonable and not necessitated by any exigencies. The court also noted that the last search was not motivated by customary police procedures. Here there is no uncontroverted testimony that a decision to release Brantigan had been made at the time of the pat–down search. At most, the evidence supports a finding that a conditional decision had been made to release, dependent in part on the result of the search for weapons and/or "fruits of the crime" (narcotics paraphernalia possession).

Most recently in *State v. Stortroen,* 53 Wn. App. 654, 769 P.2d 321 (1989), the court held that a vehicle search incident to an arrest for the misdemeanor traffic offense of driving without a license was improper, where, under the circumstances, the state trooper had no justification for making a custodial arrest. In the present case it is not controverted that the officer could have made a custodial arrest on the paraphernalia charge. It was solely the lack of a legitimate ground for a custodial arrest, rather than the

question of the trooper's intent, which invalidated the search in *Stortroen*.

We are also governed by *Rawlings v. Kentucky*, 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556 (1980). In that case the Supreme Court stated that where probable cause to arrest exists, it is not of particular importance whether the search precedes the arrest, as long as the fruits of the search are not claimed as necessary to support probable cause for the arrest.

The officer here had probable cause to arrest the defendant for misdemeanor possession of narcotics paraphernalia. This justified a custodial arrest. In conjunction with the arrest the officer had the right to conduct a search consistent with the guidelines of *State v. Henneke, supra.* It is irrelevant whether the formal arrest or the search precedes where probable cause exists to arrest at the time of the search. It should matter even less what the officer's subjective state of mind is when probable cause to support a custodial arrest exists at the time of the search as long as the search is conducted within the *Henneke* guidelines. The judgment and sentence is affirmed.

COLEMAN, C.J., and FORREST, J., concur.