[No. 17934-2-II. Division Two. April 12, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. DIANE M. NELSON, *Appellant*.

250

*John A. Hays*, for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney*, and *Jill M. Johanson, Deputy*, for respondent.

MORGAN, J. — A state trooper custodially arrested Diane Maxine Nelson for negligent driving. Thereafter, he searched her car and found drugs. In a motion to suppress, she claimed that the arrest and ensuing search were illegal. The trial court denied her motion, and she was convicted of unlawful possession of a controlled substance. We affirm.

On August 12, 1993, a state trooper stopped Nelson for driving 81 m.p.h. in a 65 m.p.h. zone. While he was completing the citation, she seemed angry. When he released her, she

> rapidly accelerated her vehicle from the stop and in so doing sprayed [him] and his vehicle with gravel, causing [him] to shield his head with his arm to avoid being injured. Gravel struck both [him] and his vehicle.[1]

The trooper followed Nelson and soon observed that she was again driving more than 80 m.p.h. in a 65 m.p.h. zone. Thus, he stopped her a second time and made a custodial arrest for negligent driving. Incident to that arrest, he searched her car and discovered methamphetamine.

A week later, the State charged Nelson with unlawful possession of a controlled substance. Nelson moved to suppress, arguing that a custodial arrest for negligent driving is constitutionally unreasonable. The motion was denied, a bench trial was held, and Nelson was convicted.

On appeal, the issue is whether Nelson was lawfully arrested. If so, she was rightly convicted. If not, the search of her car was illegal, and her motion to suppress should have been granted.

## I

■ Clearly, the trooper possessed *statutory* authority to make a custodial arrest. Although negligent driving is a misdemeanor not punishable by jail time,[2] an officer with probable cause to believe that a person has committed negligent driving "shall have the authority to arrest the person."[3] The ensuing detention is *not* limited to the time

---

[1]Finding of fact 3, Clerk's Papers at 71.

[2]RCW 46.61.525.

[3]RCW 10.31.100. The statute provides in pertinent part:

A police officer having probable cause to believe that a person has committed or is committing a felony shall have the authority to arrest the person without a warrant. A police officer may arrest a person without a warrant for

needed "reasonably necessary to issue and serve a citation and notice,"[4] and it follows that the officer is vested with discretion to make a custodial arrest.[5] Given that negligent driving is driving "in such a manner as to endanger or be likely to endanger any persons or property,"[6] the apparent purpose of these statutes is to allow police to arrest, and thus remove from the public street, persons engaging in dangerous conduct. The trooper in this case had probable cause to believe Nelson had committed negligent driving, so he also had statutory authority to make a custodial arrest.

committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of the officer, except as provided in subsections (1) through (10) of this section.

. . . .

(3) Any police officer having probable cause to believe that a person has committed or is committing a violation of any of the following traffic laws shall have the authority to arrest the person:

. . . .

(f) RCW 46.61.525, relating to operating a motor vehicle in a negligent manner.

[4]RCW 46.64.015. The statute provides in pertinent part:

Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arresting officer may serve upon him or her a traffic citation and notice to appear in court. . . . An officer may not serve or issue any traffic citation or notice for any offense or violation except either when the offense or violation is committed in his or her presence or when a person may be arrested pursuant to RCW 10.31.100, as now or hereafter amended. The detention arising from an arrest under this section may not be for a period of time longer than is reasonably necessary to issue and serve a citation and notice, except that the time limitation does not apply under any of the following circumstances:

. . . .

(2) Where the arresting officer has probable cause to believe that the arrested person has committed any of the offenses enumerated in RCW 10.31.100(3), as now or hereafter amended;

. . . .

[5]See State v. Reding, 119 Wn.2d 685, 835 P.2d 1019 (1992) (recognizing statutory authority to make custodial arrest for reckless driving).

[6]RCW 46.61.525.

## II

Nelson argues that RCW 10.31.100(3)(f) and RCW 46.64.015(2) are unconstitutional as applied to her case. She begins with the premise that any arrest must be "reasonable" within the meaning of the Fourth Amendment. Quoting *State v. Klinker*,[7] she then asserts that

> [f]or an arrest to be "reasonable" it must serve some governmental interest which is adequate to justify the imposition on the liberty of the individual. The reasonableness of an arrest in a given context must be determined on the basis of the particular interests involved.

> [T]here is "no ready test for determining reasonableness other than by balancing the need to search [or seize] against the invasion which the search [or seizure] entails."[8]

According to Nelson, "a full custodial arrest constitutes a grave intrusion upon an individual's rights to privacy;"[9] thus, her interest is weighty. In contrast, according to Nelson, "the state has little or no legitimate interest in pursuing a full custodial arrest, as opposed to simply issuing the driver a citation,"[10] because negligent driving is only a misdemeanor punishable by a fine of $250 or less. Balancing her interest against the State's, she concludes that her arrest was unreasonable for Fourth Amendment purposes.

We agree with Nelson that every arrest must be constitutionally reasonable, that we must balance her interest against the State's, and that she has a weighty liberty interest that must be considered. We focus, then, on whether the State has a contravening interest which,

---

[7]85 Wn.2d 509, 519-20, 537 P.2d 268 (1975).

[8]Br. of Appellant at 11-12.

[9]Br. of Appellant at 13.

[10]Br. of Appellant at 14.

when balanced against Nelson's liberty interest, makes the arrest in this case "reasonable" for Fourth Amendment purposes.

The State has an interest in insuring that an offender will appear in court.[11] That interest, however, is not significant here. Nelson's conduct was contumacious, but it had little or no tendency to show that she would not appear in court.[12]

The State has an interest in punishment.[13] Again, however, that interest is not significant here. It arises after conviction, and Nelson had not been convicted at the time of her arrest.[14]

The State has an interest in preventing crime and maintaining public safety.[15] Moreover, the United States Supreme Court has "repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest."[16] "Appropriate circumstances" include those in which an officer with probable cause to believe a person has committed or is committing a felony arrests and detains that person pending appearance before a magis-

---

[11]*Bell v. Wolfish*, 441 U.S. 520, 534, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *Westerman v. Cary*, 125 Wn.2d 277, 293, 885 P.2d 827, *amended*, 892 P.2d 1067 (1994); *State v. Hehman*, 90 Wn.2d 45, 47, 578 P.2d 527 (1978); CrRLJ 2.1(b)(2).

[12]The situation would be different if Nelson's conduct showed she was trying to flee from the police. However, it does not so show.

[13]*See United States v. Salerno*, 481 U.S. 739, 746-48, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); *Westerman*, 125 Wn.2d at 293.

[14]Throughout her brief, Nelson appears to be arguing that the State could not arrest her to further its interest in punishment. We agree. When the State said that negligent driving would be punishable by no more than a fine of $250, it said, in essence, that it had only a minimal punishment interest in conduct of that sort. It did not preclude itself, however, from detaining her, at least briefly, to further other interests, e.g., its interest in maintaining public safety. Thus, the fact that negligent driving is a misdemeanor not punishable by jail time is not dispositive of this case.

[15]*Westerman*, 125 Wn.2d at 293.

[16]*Salerno*, 481 U.S. at 748; *Westerman*, 125 Wn.2d at 293.

trate;[17] those in which an officer with probable cause to believe a person is committing a major traffic offense such as reckless driving arrests and detains that person pending appearance before a magistrate;[18] those in which an officer with probable cause to believe a person is driving a motor vehicle while under the influence of intoxicants arrests and detains that person until he or she is no longer intoxicated;[19] those in which an officer or mental health professional has reasonable cause to believe that a mentally ill person presents a danger to the public;[20] and those in which a magistrate finds, according to an appropriate standard of proof, that an accused "present[s] a continuing danger to the community" between first appearance and trial.[21] "Inappropriate circumstances" include those in which the detention becomes too long without proper legal process,[22] and those in which there is neither an indication of danger to the community nor an indication that the perpetrator will fail to respond to a subpoena or other process.[23]

In our view, the State's interest in public safety controls this case. The trooper stopped Nelson once and gave her a citation for driving more than 80 m.p.h. With most members of the driving public, that would have deterred conduct of the same kind for at least a few minutes. Nel-

---

[17]*Gerstein v. Pugh*, 420 U.S. 103, 113-14, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *Westerman*, 125 Wn.2d at 293-94; *State v. Fricks*, 91 Wn.2d 391, 398-99, 588 P.2d 1328 (1979).

[18]*Reding*, 119 Wn.2d at 692-94.

[19]*Hehman*, 90 Wn.2d at 47.

[20]*Addington v. Texas*, 441 U.S. 418, 426-31, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979); RCW 71.05.150(2), (4); *In re Harris*, 98 Wn.2d 276, 284, 654 P.2d 109 (1982).

[21]*Salerno*, 481 U.S. at 749; *Schall v. Martin*, 467 U.S. 253, 264-81, 104 S. Ct. 2403, 81 L. Ed. 2d 207 (1984); CrR .3.2(a); CrRLJ 2.1(b)(2)(ii); RCW 13.40.040(2)(a)(iii).

[22]*Gerstein*, 420 U.S. at 114; *see also Salerno*, 481 U.S. at 747 n.4.

[23]*E.g., Hehman*, 90 Wn.2d at 47-49; *Klinker*, 85 Wn.2d at 522-23; *Harris*, 98 Wn.2d at 288-89; *United States v. Ward*, 488 F.2d 162, 169 (9th Cir. 1973); *Bacon v. United States*, 449 F.2d 933 (9th Cir. 1971); *Barnett v. United States*, 525 A.2d 197 (D.C. App. 1987); *Thomas v. State*, 614 So. 2d 468 (Fla. 1993).

son's response, however, was to spray the officer with gravel and resume driving at more than 80 m.p.h. At that point, if not before, she presented a danger to other persons using the public highway, and the State had a significant interest in maintaining the safety of those persons. This interest counterbalanced Nelson's liberty interest, and thus caused Nelson's arrest to be "reasonable" for Fourth Amendment purposes.

■ Our holding does not mean that RCW 10.31.100(3)(f) and RCW 46.64.015(2) are constitutionally valid in every case; conceivably, a case could arise in which the alleged negligent driving was not truly dangerous, so the State's public safety interest would be minimal. Our holding does mean, however, that the cited statutes are (a) constitutional as applied here and (b) "facially" constitutional. In contexts not involving the First Amendment, according to the United States Supreme Court, a statute is "facially constitutional" unless a challenger "establish[es] that no set of circumstances exists under which the Act would be valid."[24]

In reaching our holding, we have not considered the period of time for which Nelson could be detained following arrest. We hold only that detention was lawful for the short time that elapsed between arrest and the discovery of methamphetamine.

Nelson relies heavily on *State v. Hehman*,[25] *State v. Klinker*,[26] *United States v. Ward*,[27] *Bacon v. United States*,[28]

---

[24]*Salerno*, 481 U.S. at 745; *In re C.B.*, 79 Wn. App. 686, 689, 904 P.2d 1171 (1995), *review denied*, 128 P.2d 1023 (1996) (citing *State v. Carver*, 113 Wn.2d 591, 599, 781 P.2d 1308 (1989), *amended*, 789 P.2d 306 (1990); *City of Seattle v. Yeager*, 67 Wn. App. 41, 44, 834 P.2d 73 (1992), *review denied*, 121 Wn.2d 1027 (1993)); *City of Spokane v. Douglas*, 115 Wn.2d 171, 182, 795 P.2d 693 (1990) (citing *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S. Ct. 1853, 100 L. Ed. 2d 372 (1988)).

[25]90 Wn.2d 45.

[26]85 Wn.2d 509.

[27]488 F.2d 162.

[28]449 F.2d 933.

*Barnett v. United States*,[29] and *Thomas v. State*[30]. None of those cases, however, involved conduct that was dangerous or potentially dangerous. Thus, the courts in those cases were balancing interests different from those present here.

Nelson additionally argues that if the police can either cite or arrest for negligent driving, they will have "unfettered discretion."[31] This argument, however, flies wide of the target. To say the police may arrest is rarely if ever to say that they must do so; on the contrary, to say that the police may arrest usually if not always means that they have discretion to arrest or not arrest, depending on the circumstances that they face.[32] The question here, then, is not whether the trooper had discretion, but whether he abused it. Nelson does not argue he abused it, nor could she do so in light of the facts present here.

Lastly, Nelson argues that even if her arrest was not unconstitutional under the Fourth Amendment to the federal constitution, it was unconstitutional under Article I, Section 7, of the state constitution. After considering her *Gunwall* analysis, however, it is our view that the two constitutions do not differ in any way that would affect this case.

In summary, the trooper had statutory authority to make a custodial arrest, and that authority was not offensive to the federal or state constitution given the particular circumstances present in this case. As a result, the trial court did not err by denying Nelson's motion to suppress.

Affirmed.

---

[29]525 A.2d 197.

[30]614 So. 2d 468.

[31]Br. of Appellant at 29.

[32]Examples abound. Police with probable cause to believe a person has committed a felony may elect not to arrest because there is a need for further investigation; because the local jail is overcrowded; because the potential arrestee offers assistance in the same or a different investigation; or for a variety of other reasons.

HOUGHTON, A.C.J., and WIGGINS, J. Pro Tem., concur.

Review denied at 129 Wn.2d 1029 (1996).