[No. 16620-1-III. Division Three. January 22, 1998.]

THE STATE OF WASHINGTON, *Appellant*, v. CASSK THOMAS, JR., *Respondent*.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Patrick K. Stiley* and *Scott R. Hill* of *Stiley & Associates*, for respondent.

KURTZ, A.C.J. — The State of Washington appeals the suppression of the cocaine found in Cassk Thomas, Jr.'s car in a search incident to an arrest for reckless driving. In order to limit the jail population, Spokane police normally do not arrest drivers ticketed for reckless driving. They will arrest such a driver, however, if police records designate the driver as a gang affiliate. In Mr. Thomas's case, he was arrested for reckless driving due to a gang affiliation designation, but the information was erroneous. For that reason, the superior court ruled that the search was unlawful and suppressed evidence seized incident to the arrest.

The State contends it was error for the court to find that the arrest of Mr. Thomas was unlawful because (1) the decision to make a custodial arrest is not subject to judicial oversight beyond the determination of probable cause, and (2) a jail policy regarding misdemeanor arrests does not constitute an exception to the search incident to arrest doctrine. We agree with the State, reverse the superior court, and remand the case for trial.

On the evening of June 17, 1995, Cassk Thomas, Jr., was stopped by Spokane police officers for reckless driving committed in their presence. The officers were advised by police radio that Mr. Thomas was listed as a T4 affiliate, an allegation based upon police records that he was a gang member affiliate. Based on this information, the officers decided to take Mr. Thomas into custody. The officers placed Mr. Thomas in their patrol car and conducted a search of his vehicle which revealed a plastic bag containing cocaine.

After Mr. Thomas was charged with possession of a controlled substance, he moved to suppress the cocaine. Testimony at the suppression hearing established that Mr. Thomas had once been considered a gang affiliate, but that the police gang unit had decided in 1994 to remove his name from that status on their records. It was unclear why incorrect information was conveyed to the officers.

The court determined that the officers made a valid traffic stop for reckless driving, but that their usual practice was to cite and release reckless drivers without conducting a vehicle search. The court found in this case the police decided to do a custodial arrest because of Mr. Thomas's gang affiliations. Since the custodial arrest decision was made on the basis of incorrect information, the court found it was an unlawful arrest and the subsequent car search was unjustified. The court suppressed the evidence effectively terminating the State's case. This appeal follows.

The State contends judicial oversight of police arrest decisions should not extend beyond the determination of the existence of probable cause. Police officers are authorized

to make a custodial arrest for reckless driving. The suspect and the vehicle may be searched incident to that arrest. There is no need to inquire whether other grounds exist for the arrest. *State v. Reding*, 119 Wn.2d 685, 695, 835 P.2d 1019 (1992). Additionally, the State maintains, there is no exception to the search incident to arrest doctrine for misdemeanor cases based upon a jail policy not to arrest. The reasons which justify a search incident to arrest—to protect the officer and preserve possible evidence—continue to exist whether or not the defendant is going to be released without an arrest.

In response, Mr. Thomas contends under a *Gunwall*[1] analysis, the Washington Constitution offers him greater protection than the United States Constitution. He states *Reding* does not authorize police officers to exercise their statutory discretion to effectuate custodial arrests for reckless driving without regard to constitutional limitations. In his opinion, the proper analysis for determining whether evidence should be excluded is the reasonableness of the officer's conduct under the circumstances. He finds support for this position in the pretextual arrest and stop cases, in which some courts look beyond the existence of probable cause in determining whether a particular arrest or stop was reasonable under the Fourth Amendment. He asserts the court properly looked beyond the existence of probable cause in determining whether his arrest was reasonable in light of the policy to cite and release reckless drivers. Moreover, he contends a search incident to arrest is justified only when there is a custodial arrest. He maintains a search incident to arrest is inappropriate if the original intent of the officers was to cite and release.

The crucial issue is whether the custodial arrest of Mr. Thomas for reckless driving was proper. RCW 46.64.015 and RCW 10.31.100 control when a police officer may make a custodial arrest for traffic violations. RCW 46.64.015 governs the issuance of citations:

> Whenever any person is arrested for any violation of the

---

[1] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4TH 517 (1986).

traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arresting officer may serve upon him or her a traffic citation and notice to appear in court . . . . The detention arising from an arrest under this section may not be for a period of time longer than is reasonably necessary to issue and serve a citation and notice, except that the time limitation does not apply under any of the following circumstances:

(1) Where the arrested person refuses to sign a written promise to appear in court as required by the citation and notice provisions of this section;

(2) Where the arresting officer has probable cause to believe that the arrested person has committed any of the offenses enumerated in RCW 10.31.100(3), as now or hereafter amended;

(3) When the arrested person is a nonresident and is being detained for a hearing under RCW 46.64.035.

RCW 10.31.100 addresses when a police officer may make an arrest without a warrant:

A police officer having probable cause to believe that a person has committed or is committing a felony shall have the authority to arrest the person without a warrant. A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of the officer, except as provided in subsections (1) through (10) of this section.

. . . .

(3) Any police officer having probable cause to believe that a person has committed or is committing a violation of any of the following traffic laws shall have the authority to arrest the person:

(a) RCW 46.52.010, relating to duty on striking an unattended car or other property;

(b) RCW 46.52.020, relating to duty in case of injury to or death of a person or damage to an attended vehicle;

(c) *RCW 46.61.500 or 46.61.530, relating to reckless driving or racing of vehicles;*

(d) RCW 46.61.502 or 46.61.504, relating to persons under the influence of intoxicating liquor or drugs;

(e) RCW 46.20.342, relating to driving a motor vehicle while operator's license is suspended or revoked;

(f) RCW 46.61.525, relating to operating a motor vehicle in a negligent manner.

(Emphasis added.)

 *Reding* specifically held that RCW 46.64.015 and RCW 10.31.100(3) authorize custodial arrest for reckless driving. *Reding*, 119 Wn.2d at 692. The court here found Mr. Thomas committed reckless driving in front of the police officers and their stop was not a pretext. Thus, the officers had probable cause to make a custodial arrest of Mr. Thomas. The usual practice of Spokane police officers is to cite and release reckless drivers, but the officers decided to make a custodial arrest of Mr. Thomas because they believed he was gang affiliated. The State contends the court should not have looked at the reason the officers made the custodial arrest because the officers had probable cause to make the custodial arrest without the erroneous information. We agree.

██ ██ *Reding* states: "The statutes, RCW 46.64.015 and RCW 10.31.100, do not require some additional factor to be present for police to have authority to perform a custodial arrest for reckless driving." *Reding*, 119 Wn.2d at 695. Whether Mr. Thomas was gang affiliated or not, the officers had the authority to make a custodial arrest. Mr. Thomas cites cases and argues that the officers' reliance on erroneous information in arresting him rendered his arrest unreasonable. However, these cases differ from this case in that in those cases, the improper information provided the probable cause for the arrest. Here, the officers had the probable cause to make the custodial arrest before they received the erroneous information.

Mr. Thomas also claims that under a *Gunwall* analysis, the Washington Constitution offers him greater protection

than the United States Constitution. In the similar case of *State v. Nelson*, 81 Wn. App. 249, 257, 914 P.2d 97, *review denied*, 129 Wn.2d 1029 (1996) involving custodial arrest for negligent driving, the court considered a *Gunwall* analysis and found that the two constitutions do not differ in any way that would affect this case.

The order of the trial court is reversed. The matter is remanded for trial.

SWEENEY and BROWN, JJ., concur.

Review denied at 135 Wn.2d 1015 (1998).