43 P.3d 522 (2002)
110 Wash.App. 604
STATE of Washington, Respondent,
v.
David T. O'NEILL, Appellant.
No. 20173-2-III.
Court of Appeals of Washington, Division 3, Panel One.
January 29, 2002.
Publication Ordered March 26, 2002.
*523 Janet G. Gemberling, Spokane, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, III, Deputy Prosecuting Attorneys, Spokane, for Respondent.
BROWN, A.C.J.
Following his traffic stop and arrest for driving with a suspended license, David O'Neill was convicted in a stipulated-facts bench trial of possessing a controlled substance found in his locked truck. Although he concedes the traffic stop was proper and his driving with a suspended license made him eligible for arrest, Mr. O'Neill mainly asks us to reverse based upon local jail booking policies, which he claims normally would have precluded his incarceration for driving with a suspended license. Because Mr. O'Neill was validly arrested and the search of his truck was incident to his arrest, we affirm.

FACTS
Late one evening in June 2000, Spokane Deputy Michael Kittilstved stopped Mr. O'Neill for failing to signal. Mr. O'Neill pulled into the parking lot of a closed business. Mr. O'Neill's Idaho driver's license was suspended.
Deputy Kittilstved told Mr. O'Neill he was under arrest for driving with a suspended license. Mr. O'Neill stepped out of the truck, was handcuffed, and placed in the back of Deputy Kittilstved's patrol car. When Deputy Kittilstved returned to Mr. O'Neill's truck, he found the doors locked and the keys in the ignition. From the window, Deputy Kittilstved could see a glass pipe, resembling drug paraphernalia on the passenger seat. After checking with his supervisor, Deputy Kittilstved requested an impound tow and a canine unit. When the tow operator opened the truck door, the cocaine was found in the truck. Mr. O'Neill was then arrested for possessing a controlled substance.
Mr. O'Neill moved to suppress the evidence, alleging an unconstitutional search. At the CrR 3.6 hearing, evidence indicated a general Spokane Jail booking restriction on minor traffic offenses, including driving with a suspended license. Exceptions were available for the circumstances presented here. Deputy Kittilstved did not request a booking exception before arresting Mr. O'Neill. Captain Walter Collins, the Spokane County jail commander, testified he could not recall an exception request ever being denied.
The trial court denied Mr. O'Neill's motion to suppress, concluding that probable cause existed to arrest Mr. O'Neill for suspicion of driving with a suspended license. Further, Mr. O'Neill was arrested when Deputy Kittilstved returned to the truck and advised Mr. O'Neill to exit because he was under arrest. Finally, the search was proper as incident to Mr. O'Neill's arrest.

ANALYSIS
The issue is whether the trial court erred in deciding the search of Mr. O'Neill's truck was proper incident to his arrest for driving with a suspended license under the factual circumstances presented.
Mr. O'Neill challenges the trial court's conclusion that the warrantless search was properly incidental to Mr. O'Neill's custodial arrest. See State v. Johnson, 128 Wash.2d 431, 447, 909 P.2d 293 (1996). Conclusions of law in a suppression order are reviewed de novo. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999). Mr. O'Neill does not assign error to the trial court's findings of fact, thus they are verities here. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994).
*524 The Washington Constitution, article I, section 7 provides greater protection to an individual's privacy rights than the Fourth Amendment. State v. Parker, 139 Wash.2d 486, 493, 987 P.2d 73 (1999). Warrantless searches are presumed unreasonable. Id. at 496, 987 P.2d 73. Exceptions to this strict rule are limited and narrowly drawn. Id. When seeking to justify a warrantless search, the State bears the heavy burden to prove the search falls within the exception. Id. Here, the State relied upon the well-recognized exception to the warrant requirement for searches incident to arrest. See Johnson, 128 Wash.2d at 447, 909 P.2d 293.
In New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court developed a bright-line rule for searching a vehicle upon the driver's arrest. "[W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. Washington adopted this bright-line rule in State v. Stroud, 106 Wash.2d 144, 152, 720 P.2d 436 (1986), but limited the incidental search to unlocked containers in the passenger compartment of the vehicle. A search incident to arrest may precede the actual custodial arrest so long as the search and arrest are closely related in time and place. State v. Harrell, 83 Wash. App. 393, 400, 923 P.2d 698 (1996); State v. Brantigan, 59 Wash.App. 481, 485, 798 P.2d 1176 (1990); Rowlings v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); State v. Smith, 88 Wash.2d 127, 138, 559 P.2d 970 (1977); State v. Brooks, 57 Wash.2d 422, 425, 357 P.2d 735 (1960).
In Brantigan, the court held that a search incident to arrest can take place prior to the actual custodial arrest so long as probable cause exists to arrest at the time of the search. Brantigan, 59 Wash.App. at 485, 798 P.2d 1176. Mr. Brantigan was pulled over for littering. As the officer was doing a routine check, he observed drug paraphernalia on the front seat. The officer seized the paraphernalia and then advised the driver he was under arrest but did not place him in custody. During the subsequent pat-down search, the officer found cocaine. At the pretrial hearing, the officer testified that had he not found the cocaine, he would have merely cited the defendant for the paraphernalia and released him. In upholding the search prior to arrest, the court held that the officer's subjective intent was irrelevant, as was the fact that the search preceded the arrest, so long as there was probable cause to arrest for possession of drug paraphernalia, and the search was contemporaneous to the arrest. Id. Similarly, the court in State v. Thomas, 89 Wash.App. 774, 950 P.2d 498 (1998) held that the critical issue is whether probable cause for arrest existed, regardless of an officer's beliefs about local jail admission policies.
Here, Deputy Kittilstved had probable cause to believe that Mr. O'Neill was driving with a suspended license. Under RCW 10.31.100(3)(e), Deputy Kittilstved was authorized to arrest Mr. O'Neill for this offense. See State v. Perea, 85 Wash.App. 339, 341-42, 932 P.2d 1258 (1997). Following the reasoning in Brantigan, so long as there was probable cause and the authority to arrest, a search incident to arrest is justified, even if preceding the ultimate decision to book. Brantigan, 59 Wash.App. at 485, 798 P.2d 1176. Consequently, the trial court did not err in concluding that Deputy Kittilstved could properly search Mr. O'Neill's truck incident to his arrest.
Mr. O'Neill argues the bright-line rule of Belton, and its subsequent expansion by Brantigan, have been recently tempered by Knowles v. Iowa, 525 U.S. 113, 119, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) and State v. McKenna, 91 Wash.App. 554, 958 P.2d 1017 (1998). Both cases held that once an officer issues a citation in lieu of an arrest, the authority to search incident to arrest ceases. Knowles, 525 U.S. at 118, 119 S.Ct. 484; McKenna, 91 Wash.App. at 564, 958 P.2d 1017.
In McKenna, the officer had probable cause to make a custodial arrest, but he chose to cite and release the defendant because of jail overcrowding. After citing the defendant, the officer offered to give her a ride home. He conditioned the ride upon consent to search her for weapons, but *525 when he found drug paraphernalia in her bag, he ordered the defendant to empty her pockets and discovered drugs. The McKenna court found that the search of the bag was consensual, but the officer's command to the driver to empty her pockets constituted a warrantless search. Id. at 558, 958 P.2d 1017. While the court recognized that a search incident to arrest may precede the actual arrest, in this case the search was not incidental to the officer's previous arrest of the driver because that arrest was noncustodial and had ended before the officer asked the driver to empty her pockets. Id. at 564, 958 P.2d 1017.
Mr. O'Neill argues McKenna controls in this case because "[t]here is no evidence the officer had effected a custodial arrest when he searched Mr. Oneill's [sic] vehicle." Br. of Appellant at 7. He argues the best indicator of a custodial arrest is when the suspect is removed from the scene and taken to the police station.
Whether a reasonable person would believe he was detained depends on the particular, objective facts surrounding the encounter. State v. Mennegar, 114 Wash.2d 304, 310-11, 787 P.2d 1347 (1990). Additionally, a seizure occurs when a person submits to a show of authority or is physically touched by an officer. Perea, 85 Wash.App. at 344, 932 P.2d 1258.
In this case, Deputy Kittilstved asked Mr. O'Neill to step from the vehicle, told him he was under arrest, handcuffed him and placed him in the back of the patrol car before returning to Mr. O'Neill's truck to search it. While the definition of "custodial arrest" has not been clearly established, there is little doubt that Deputy Kittilstved had placed Mr. O'Neill in custody before searching his truck. See McKenna, 91 Wash.App. at 562, 958 P.2d 1017 (arrest was noncustodial where officer issues citation in lieu of arrest). Consequently, the search was valid as incidental to the arrest. Belton, 453 U.S. at 460, 101 S.Ct. 2860; Brantigan, 59 Wash.App. at 485, 798 P.2d 1176.
Next, Mr. O'Neill argues that the holding in Perea prevented the officer from searching his locked vehicle. In Perea, a police officer, with his emergency lights activated, pulled in behind Mr. Perea as he was parking his vehicle in his driveway. Mr. Perea locked his car and walked away despite the officer's repeated requests to return to his vehicle. Mr. Perea was arrested shortly before reaching his house. The court determined that Mr. Perea was not seized until he was arrested and handcuffed near his home. Perea, 85 Wash.App. at 343-44, 932 P.2d 1258. Since he was not seized in or near his car, the locked vehicle could not be searched incident to arrest. Id.
Here, the trial court correctly determined that Perea is factually distinguishable and legally inapplicable. Mr. O'Neill had submitted to Deputy Kittilstved's authority while still inside his vehicle. Mr. O'Neill pulled over after seeing Deputy Kittilstved's emergency lights. He provided the information requested and stepped from the vehicle at Deputy Kittilstved's request. Although Mr. O'Neill apparently locked his vehicle before or when he exited his truck, this does not prevent a valid search of the vehicle incident to arrest.
Mr. O'Neill also argues the search of his vehicle was not incident to arrest because there was undue delay between the time of his arrest and the time it took the tow operator to unlock his vehicle. Mr. O'Neill did not raise this issue before the trial court. Consequently, no evidence or findings of undue delay were entered for our review. See RAP 2.5(a).
Affirmed.
WE CONCUR: SWEENEY and KATO, JJ.