[No. 31342. Department Two. November 24, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. BROWNING G. ROBBINS, *Appellant*.[1]

*Warner, Pierce & Peden*, for appellant.

*Charles O. Carroll* and *F. A. Walterskirchen*, for respondent.

ROBINSON, J.—The defendant in this cause was charged with the crime of illegal possession of narcotics. After a trial to a jury, he was convicted. He brings this appeal, alleging that certain evidence was wrongfully admitted.

There was testimony from which the jury could have found that appellant was driving along the street when two officers pulled up beside him. One of them searched him and found a small bottle in his pocket containing codeine tablets. When the state attempted to introduce the bottle into evidence, counsel for appellant objected, charging that

[1] Reported in 224 P. (2d) 345.

it was obtained as a result of an illegal search. The objection was overruled.

 It is the rule in this state that the prosecuting authority may not use, for its own profit, evidence that has been obtained in violation of the law. *Tacoma v. Houston*, 27 Wn. (2d) 215, 177 P. (2d) 886; *State v. Miles*, 29 Wn. (2d) 921, 190 P. (2d) 740. However, it is equally well established that objection to such evidence must be timely made. *State v. Gunkel*, 188 Wash. 528, 63 P. (2d) 376. In *State v. Dersiy*, 121 Wash. 455, 209 Pac. 837, 215 Pac. 34, this court laid down certain specific rules which we have since frequently cited as controlling on the matter. They are:

(1) Where, by the direct or proper cross-examination of the state's witnesses, it is made to appear, or it is otherwise admitted, that the articles which are offered in evidence have been unlawfully seized, it is the duty of the trial court, upon objection, to refuse to receive them in evidence. There being no question of fact under such circumstances, and nothing to require the court to stop in the midst of the trial to try a collateral fact, the court has only to rule on the admissibility of evidence upon admitted or conceded facts.

(2) Where, during the trial, the seized articles are offered in evidence, and it does not appear from the state's testimony, or otherwise, that such articles were unlawfully seized, and objection is made to the introduction of such evidence, on the ground that it was unlawfully seized, and the defendant offers, by affidavit, or otherwise, to prove such unlawful seizure, the court should receive the articles in evidence, because it will not, at that stage of the proceedings, stop to investigate the disputed circumstances under which the articles were seized. *When a defendant desires to suppress as evidence, the articles taken, he must, within a reasonable time before the case is called for trial, move for such suppression and thus give the court an opportunity to try out the disputed question of fact.*

(3) An exception to the last stated rule is this: Where, during the trial of the case, the defendant objects to the reception of the articles in evidence, on the ground that they

were unlawfully seized, and offers to prove such unlawful seizure, and also offers to prove that, by the exercise of reasonable diligence, he could not before have learned that the articles were unlawfully seized, the court should stop in the trial of the case and determine the collateral issue concerning the legality of the seizure.

Obviously, subdivision (3) has no materiality here. Although appellant denies that the arresting officer ever removed any bottle from his person, he was well aware, long prior to the trial, that testimony would be introduced to that effect, and had ample opportunity to move that the evidence, which he now alleges was improperly obtained, be suppressed. His contention here is that this case falls within subdivision (1) of the rules; while, in the view of the state, it presents a proper situation for the application of subdivision (2).

We are inclined to agree with the latter position. Of itself, the evidence introduced by the state did not show an illegal arrest and search. It merely failed to indicate the basis of the arrest. By no means was it admitted or conceded that the actions of the arresting officer were unlawful, and it appears that, had the question been raised prior to the trial, the state would have contended that appellant was arrested in connection with a robbery. This fact is sufficient to distinguish the present case from *State v. Raum*, 172 Wash. 680, 21 P. (2d) 291, relied on by appellant, and to render subdivision (1) inapplicable. The language of *State v. Gunkel*, *supra*, is precisely in point:

"Subdivision (1) and (2) of the rules, considered together or reciprocally, and in the light of what occurred prior to and at the time of the trial, do not avail the appellants, but militate against them. As already stated, had appellants desired to have the evidence suppressed, they had ample time to move in that direction prior to the trial, and, with the knowledge that they had, it was their duty to do so. Nor can it be said, as appellants strenuously urge, that, under the facts and circumstances of the case, it was made to appear by the direct or proper cross-examination of the state's witnesses, or that it was otherwise admitted, that the articles were unlawfully seized. The state's wit-

nesses did not testify to anything, upon direct examination, from which it could be held that the seizure was unlawful, and, certainly, the state did not 'otherwise' admit its unlawfulness. The state took the very contrary position."

Plainly, subdivision (2) applies. Appellant's motion to suppress the evidence in question came too late, and the court did not err in refusing to grant it.

The judgment is affirmed.

MALLERY, HAMLEY, GRADY, and DONWORTH, JJ., concur.

_____

January 4, 1951. Petition for rehearing denied.