[No. 14357-1-III.  Division Three.  February 6, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. SABRINA RENE BURNLEY, *Appellant*.

*Terence M. Ryan* and *Harkins Law Office*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Larry D. Steinmetz, Deputy*, for respondent.

SWEENEY, C.J. — Sabrina Rene Burnley was a passenger in the back seat of a vehicle being driven erratically in downtown Spokane. A state trooper stopped the vehicle. A backup trooper approached the vehicle and saw Burnley

stuff something in her front pocket. He thought it might be a weapon. He searched her and found a glass pipe and rock cocaine in her front pocket. The State charged her with possession of a controlled substance, crack cocaine. RCW 69.50.401(d). The matter proceeded to trial. Defense counsel moved to suppress the fruits of the search, but not until the evidence had been presented to the jury and the State had rested. The court denied the motion, but did not say why. Burnley was convicted. She appeals.

Burnley contends the trial court erred in denying the motion to suppress. She argues that a reasonably prudent person in the trooper's circumstances would not have been warranted in the belief that his or her safety was in danger.

But the motion to suppress must be timely. *State v. Baxter*, 68 Wn.2d 416, 423, 413 P.2d 638 (1966) (exclusion of improperly obtained evidence is a privilege and can be waived if defendant does not seasonably object); *State v. Lemons*, 53 Wn.2d 138, 141, 331 P.2d 862 (1958) (to be preserved, constitutional rights of individual must be timely asserted). Motions to suppress made at the close of the State's case are clearly untimely. *Baxter*, 68 Wn.2d at 424; *Lemons*, 53 Wn.2d at 141. *See also State v. Silvers*, 70 Wn.2d 430, 432, 423 P.2d 539 (defendant must timely object to introduction of the evidence), *cert. denied*, 389 U.S. 871 (1967); *State v. Robbins*, 37 Wn.2d 431, 432, 224 P.2d 345 (1950) (defendant desiring to suppress evidence must move for suppression within a reasonable time before case is called for trial); *State v. Gant*, 6 Wn. App. 263, 266, 492 P.2d 571 (1971) (alleged error not properly preserved when defendant interposed no pretrial motion to suppress). Burnley's motion to suppress was untimely.

We do not elevate form over substance by this holding. If a criminal defendant wants to keep certain evidence from the jury, he or she must act before the State offers that evidence. Otherwise, the trial court is faced with the unsavory alternatives of giving a frequently impotent

cautionary instruction or granting a mistrial and beginning again.

Burnley's motion to suppress the seized evidence was untimely; the conviction is affirmed.

MUNSON and SCHULTHEIS, JJ., concur.