[No. 15524-2-III.   Division Three.   November 25, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. LIBRADO VALLE CRUZ, *Appellant*.

*Carl G. Sonderman* of *Sonderman & Swanberg,* for appellant.

*Steven M. Lowe, Prosecuting Attorney,* and *Paige L. Sully, Deputy,* for respondent.

SCHULTHEIS, J. — After stopping Librado Cruz for speeding, a Washington State Patrol Trooper obtained forged identification documents from him. Mr. Cruz moved to suppress, alleging the trooper obtained the documents unlawfully. The trooper testified Mr. Cruz handed the

documents to him voluntarily, whereas Mr. Cruz testified the trooper seized them from him. The court denied the suppression motion—without resolving the factual dispute and without entering the written findings required by CrR 3.6—and found Mr. Cruz guilty of one count of forgery on stipulated facts. We reverse.

The State had the burden of justifying the warrantless search of Mr. Cruz's wallet insert. The State could satisfy its burden by showing Mr. Cruz consented and voluntarily handed the wallet insert to the trooper, eliminating the need for a warrant. *City of Seattle v. McCready*, 124 Wn.2d 300, 304, 877 P.2d 686 (1994). The voluntariness of consent is a question of fact. *State v. Smith*, 115 Wn.2d 775, 789, 801 P.2d 975 (1990). Although the trooper testified Mr. Cruz consented, Mr. Cruz denied doing so. The absence of a finding on this critical factual issue results in a presumption that the State failed to sustain its burden of proving consent by clear and convincing evidence. *State v. Cass*, 62 Wn. App. 793, 795, 816 P.2d 57 (1991), *review denied*, 118 Wn.2d 1012 (1992).

This case illustrates the importance of compliance with CrR 3.6, which reads:

### SUPPRESSION HEARINGS—DUTY OF COURT

At the conclusion of a hearing, upon a motion to suppress physical, oral or identification evidence[,] the trial court shall set forth in writing: (1) the undisputed facts; (2) the disputed facts; (3) the court's findings as to the disputed facts; and (4) the court's reason for the admissibility or inadmissibility of the evidence sought to be suppressed.

Although the language of the rule plainly mandates the entry of formal findings and conclusions, the Court of Appeals has sometimes chosen to overlook their absence.[1] In

---

[1]Because CrR 3.6 fixes no time limit for entry of written findings, courts have allowed their entry after the case is appealed as long as it does not prejudice the defendant. Here, however, the State has never made any effort to have written findings entered. This court could certainly infer that the State does not believe that CrR 3.6 findings are very important. *See State v. Smith*, 68 Wn. App. 201, 206 & n.11, 842 P.2d 494 (1992).

each case, however, the court has required a clear and comprehensive oral opinion so that it is left with no doubt as to the trial court's findings and the basis for its decision. *See, e.g., State v. Smith,* 76 Wn. App. 9, 16, 882 P.2d 190 (1994), *review denied,* 126 Wn.2d 1003 (1995); *State v. Smith,* 68 Wn. App. 201, 208, 842 P.2d 494 (1992); *State v. Clark,* 46 Wn. App. 856, 859, 732 P.2d 1029, *review denied,* 108 Wn.2d 1014 (1987).

Here, the court's memorandum decision does not permit this court to determine how, or whether, the trial court decided the dispositive factual issue. As the State notes, the trial court was confronted with a legal issue—could the trooper detain Mr. Cruz and ask for photo identification after production of a temporary license—as well as the factual issue regarding how the trooper obtained the counterfeit documents. The court resolved only the legal issue. It observed there was no question that the initial traffic stop was valid and concluded the trooper could lawfully detain Mr. Cruz within the scope of the stop long enough to confirm his identity. That part of the ruling is clear, but it is inadequate. After the trooper asked for photo identification, what happened? The court could have denied the suppression motion because it found Mr. Cruz voluntarily handed over the documents at the trooper's request, as the trooper testified. But it is not obvious from the memorandum decision that the court did so. The memorandum states:

> This Court believes reasonable efforts to insure the identity of a person is within the authority of an officer. "False arrest of an innocent third party could lead to serious consequences, particularly, "[sic] . . . if the officer took no reasonable efforts to ascertain the true identity of the culprit."

> Accordingly, each stop must be reviewed on a case-by-case basis. Applying this rule, the Court finds for the State.

The trial court could have found it did not matter how the trooper obtained the documents because he had a duty to

confirm Mr. Cruz's identity. Or the court could have found that the trooper seized the wallet and took the documents from it, as Mr. Cruz testified, but that the seizure and search of the wallet were "reasonable" given the officer's authority to ascertain Mr. Cruz's true identity.

In *Smith*, 68 Wn. App. at 209-10, Division One stresses the importance of consistent and firm enforcement of CrR 3.6, and lists the positive results of compliance. Then, after reviewing the history of noncompliance with the analogous duty imposed on prosecutors by JuCR 7.11(d) in juvenile cases, the court states in conclusion:

> In short, CrR 3.6 should be complied with. We will not condone any repetition of the juvenile experience. When a case comes before this court without the required findings, there will be a strong presumption that dismissal is the appropriate remedy. We do not say this court will never overlook the lack of findings and proceed to the merits, but it will only be done for compelling reasons, none of which are here present.

*Smith*, 68 Wn. App. at 211. Given the plain language of CrR 3.6 and the careful consideration leading to its adoption by the Washington Supreme Court, *see State v. Agee*, 89 Wn.2d 416, 573 P.2d 355 (1977), this court adopts both the rationale and the presumption embraced by Division One in *Smith*, 68 Wn. App. 201.

Reversed.

SWEENEY, C.J., and BASTINE, J. Pro Tem., concur.