[No. 28032-9-II.   Division Two.   September 20, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. BRIAN CLAY CLAUSEN, *Appellant*.

---

*Lisa E. Tabbut,* for appellant (appointed counsel for appeal).

*Susan I. Baur, Prosecuting Attorney,* and *Heiko P. Coppola, Deputy,* and *Pamela B. Loginsky* (of *Washington Association of Prosecuting Attorneys*), for respondent.

ARMSTRONG, J. — Brian Clay Clausen appeals the denial of his suppression motion. He argues that the search of his vehicle was not a valid search incident to custodial arrest

because he was initially arrested on a misdemeanor driving charge and the county jail was not booking people on such charges due to jail overcrowding. Finding that Clausen's arrest was a custodial arrest, we affirm.

FACTS

On July 18, 2001, Kalama Police Officer Steven Parker ran the license plates on a parked vehicle and discovered that the vehicle's owner, Brian Clay Clausen, had a suspended driver's license. Two days later, Parker and Officer Christopher Harvin observed Clausen driving the vehicle, pulled him over, and confirmed that his license was suspended.

Following Kalama Police Department policy, they arrested Clausen for third degree driving without a license and impounded his vehicle. Harvin then conducted an inventory search of the vehicle. He discovered methamphetamine, marijuana, and drug paraphernalia in the vehicle.

The State charged Clausen with possession of methamphetamine, possession of marijuana, use of drug paraphernalia, and third degree driving with a suspended or revoked license. Arguing that the search was not a valid search incident to arrest because he was not under custodial arrest, Clausen moved to suppress the evidence discovered during the search.

The testimony at the suppression hearing revealed that on the day of the arrest the Cowlitz County Jail had surpassed its maximum capacity and, barring special circumstances, was not booking detainees arrested for nonviolent misdemeanors. The jail had notified the local police agencies when it entered this status several months earlier. If an officer presented a detainee to the jail on a nonviolent misdemeanor charge, the shift sergeant determined whether the jail would book the person. Generally, the jail would not book the detainee unless the person posed some type of threat to the community.

Parker testified that although he was generally aware that the jail had not been booking detainees charged with nonviolent misdemeanors, he did not specifically verify whether the jail was on this status until after he arrived at the jail with Clausen. Clausen testified that when Parker initially arrested him, he said that they were going to impound his vehicle, book him, and then release him.

The trial court denied the suppression motion and subsequently convicted Clausen on all charges after a bench trial on stipulated facts. Clausen appeals the denial of the suppression motion.

ANALYSIS

Relying on *State v. McKenna*, 91 Wn. App. 554, 958 P.2d 1017 (1998), Clausen contends that the search incident to arrest exception to the search warrant requirement does not apply here because he was not under *custodial* arrest at the time of the search due to the jail's status. We disagree.

■ Under both the federal and state constitutions, warrantless searches are presumed invalid unless the State can establish that the search falls under one of the carefully drawn and jealously guarded exceptions to the warrant requirement. *State v. Parker*, 139 Wn.2d 486, 496, 987 P.2d 73 (1999); *State v. Porter*, 102 Wn. App. 327, 330, 6 P.3d 1245 (2000). One exception to the warrant requirement is the search incident to arrest exception. *State v. Stroud*, 106 Wn.2d 144, 147, 720 P.2d 436 (1986). Under this exception, an officer may conduct a warrantless search of an arrestee and the area that was within the arrestee's immediate control at the time of a valid custodial arrest. *Stroud*, 106 Wn.2d at 152; *McKenna*, 91 Wn. App. at 559-61.

In *McKenna*, we held that once an officer issues a citation in lieu of arrest and releases a detainee, his authority to conduct a search incident to arrest ends. *McKenna*, 91 Wn. App. at 561-62. We did not hold that the jail's status in any way affected the officer's authority to place the defendant

under custodial arrest or that a search prior to the defendant's release was invalid.

As was the case here, in *McKenna*, the county jail was refusing to book detainees arrested for nonviolent misdemeanors due to overcrowding. *McKenna*, 91 Wn. App. at 555. But unlike the officer in *McKenna*, here Parker clearly manifested his intent to place Clausen under custodial arrest when he told Clausen that he was under arrest and that he would be released *after* he was booked.

Although the definition of "custodial arrest" is not precise, the testimony here shows that Clausen was under custodial arrest at the time of the search. *See State v. O'Neill*, 110 Wn. App. 604, 43 P.3d 522 (2002) (defendant under custodial arrest despite jail's booking policy where officer told defendant he was under arrest, defendant exited his vehicle, officer handcuffed defendant and placed him in patrol car); *McKenna*, 91 Wn. App. at 562 (arrest was noncustodial where officer issues citation in lieu of arrest and released defendant). Because Clausen was under custodial arrest, the search of his vehicle was a valid search incident to arrest and the trial court did not err when it denied Clausen's motion to suppress.

Accordingly, we affirm.

HUNT, C.J., and SEINFELD, J., concur.