83 P.3d 1038 (2004)
STATE of Washington, Appellant,
v.
Leonard Anthony RADKA, Respondent.
No. 21823-6-III.
Court of Appeals of Washington, Division 3, Panel Two.
February 3, 2004.
*1039 Kevin M. Korsmo, Andrew J. Metts, Deputy Prosecuting Attorneys, Spokane, WA, for Appellant.
John P. Stine, Spokane County Public Defender, Spokane, WA, for Respondent.
SCHULTHEIS, J.
Leonard Radka was stopped for a traffic violation and arrested for driving with a suspended license. During a search incident to the arrest, the officer found methamphetamine and drug paraphernalia in the vehicle. Mr. Radka was then arrested for possession of methamphetamine with intent to deliver. At the pretrial suppression hearing, the arresting officer admitted that he had intended to release Mr. Radka with a citation until he found the drug paraphernalia. Finding that the search was unlawful because it was incident to a noncustodial arrest, the trial court suppressed the evidence and dismissed the case. The State appeals, contending the trial court's ruling is contrary to prevailing case law. Because we find that a reasonable person would not consider the arrest custodial, we affirm.

FACTS
Late on an evening in October 2002, Spokane County Deputy Sheriff Ronald Nye stopped Mr. Radka's vehicle for speeding. A check of Mr. Radka's driver's license revealed that it was suspended. Deputy Nye placed Mr. Radka under arrest for third degree driving with a suspended license and put him in the back of the patrol car, although without handcuffs. Throughout the encounter, Mr. Radka's cell telephone repeatedly rang, and Deputy Nye allowed Mr. Radka to talk on the telephone while in the patrol car. The deputy assumed that Mr. Radka may have been trying to arrange transportation.
Deputy Nye searched Mr. Radka's vehicle pursuant to the arrest and found a duffel bag containing glass drug pipes, two baggies of white powder that field tested positive for methamphetamine, a digital scale, numerous empty baggies, and a notebook with a list of names and monetary amounts. At this point, Deputy Nye again arrested Mr. Radka, this time for possession of methamphetamine with intent to deliver. The deputy did not give Mr. Radka the Miranda[1] warnings during this encounter.
At a pretrial CrR 3.5 hearing to suppress a statement made by Mr. Radka, Deputy Nye testified that he did not originally intend to book Mr. Radka for the driver's license violation.[2] "As far as the driving suspended," Deputy Nye states, "I planned on citing and releasing him at that point prior toprior to finding the paraphernalia." Report of Proceedings (RP) at 9.
During closing arguments at the CrR 3.5 hearing, defense counsel orally moved to suppress the physical evidence pursuant to CrR 3.6, arguing that the search was not justified because it was incident to a noncustodial arrest. The State objected to the timeliness of the CrR 3.6 motion, but the court decided to consider the issue. Although the trial court found that the traffic stop was proper and Mr. Radka was eligible for arrest because he was driving with a suspended license, the court concluded that when "a custodial arrest isn't going to occur by the intent of the officer, you can't have a warrantless search." RP at 25. The trial court suppressed the evidence, dismissed the case, and released the jury.

SEARCH INCIDENT TO A CUSTODIAL ARREST
On appeal, the State contends the trial court erred in finding that the search was unjustified. We review disputed findings *1040 of fact on a motion to suppress for substantial evidence. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999). Conclusions of law in a suppression order are reviewed de novo. Id.
The State first contends the trial court erred in hearing the CrR 3.6 motion because the motion to suppress was not timely and was not filed in written form as required by the rule. A defendant must move for suppression within a reasonable time before the case is called for trial. State v. Burnley, 80 Wash.App. 571, 572, 910 P.2d 1294 (1996) (citing State v. Robbins, 37 Wash.2d 431, 432, 224 P.2d 345 (1950)). Here, Mr. Radka orally moved to suppress the evidence during the pretrial CrR 3.5 hearing. After the State objected to the CrR 3.6 motion as untimely, the trial court ruled that it would decide this constitutional issue even if it was untimely.
Because the State does not argue on appeal that the form of the motion prejudiced its ability to address the issue, and because the motion was heard in a reasonable time before trial, we find that Mr. Radka's failure to file a written motion to suppress was harmless. Further, although the trial court did not enter written findings and conclusions after the hearing as required by CrR 3.6(b), the court's oral opinion and the findings contained in its order provide sufficient information for review. State v. Cruz, 88 Wash.App. 905, 907-08, 946 P.2d 1229 (1997).
Warrantless searches are unreasonable per se, and any exceptions to the warrant requirement are narrowly drawn. State v. Parker, 139 Wash.2d 486, 496, 987 P.2d 73 (1999). One such exception is the search incident to a custodial arrest. "`Under article I, section 7, a lawful custodial arrest is a constitutionally required prerequisite to any search incident to arrest. It is the fact of arrest itself that provides the "authority of law" to search....'" State v. O'Neill, 148 Wash.2d 564, 585, 62 P.3d 489 (2003) (citations omitted) (quoting Parker, 139 Wash.2d at 496, 987 P.2d 73). The function of the search incident to arrest is to ensure officer safety and to preserve evidence of the crime for which the suspect was arrested. Id. (quoting Parker, 139 Wash.2d at 497, 987 P.2d 73). However, without a lawful custodial arrest, a full search may not be made, no matter the exigencies. Id. (quoting Parker, 139 Wash.2d at 497, 987 P.2d 73). Probable cause to arrest is not enough; only an actual custodial arrest provides the authority to justify a search incident thereto. Id.
A police officer may effect a custodial arrest without a warrant if the officer has probable cause to believe a driver has a suspended license. RCW 10.31.100(3)(e). Typically, however, a person arrested for a violation of the traffic laws that is punishable as a misdemeanor or by imposition of a fine is subjected to a temporary detention while the officer issues a citation. RCW 46.64.015. To secure release, the arrested person must give a written promise to appear in court as required by the citation. RCW 46.64.015. For certain crimes listed in RCW 10.31.100(3)including driving with a suspended licensethe officer may choose to make a full custodial arrest rather than the temporary cite-and-release detention. RCW 46.64.015(2).
In cases such as the present one, it is often difficult to determine whether an arrest qualifies as the limited detention of a cite-and-release or as a full custodial arrest. Courts have differed on the test to apply: an examination of the arresting officer's subjective intent, or an objective determination of what a reasonable detainee would consider to be the extent of the detention. A case in point is State v. McKenna, 91 Wash.App. 554, 555, 958 P.2d 1017 (1998), wherein the arresting officer testified that he never intended to arrest Ms. McKenna because the county jail, plagued with overcrowding, refused to book anyone arrested for a nonviolent misdemeanor. In reversing the trial court's denial of a motion to suppress, McKenna held that the arrest for driving without an operator's license was noncustodial because the arresting officer "never formed an intent, much less manifested an intent, to arrest McKenna custodially." Id. at 562, 958 P.2d 1017. Additionally, however, the court noted that after the officer issued a citation to Ms. McKenna, he told her she was free to go and only *1041 searched her after she accepted the officer's offer of a ride home. Id. at 562-63, 958 P.2d 1017.
Appellate court examinations of the issue of custodial arrest following McKenna have retreated from the consideration of the arresting officer's intent. For example, in State v. Clausen, 113 Wash.App. 657, 660-61, 56 P.3d 587 (2002) and State v. Craig, 115 Wash.App. 191, 196, 61 P.3d 340 (2002), the determination of custody hinges upon the "manifestation" of the arresting officer's intent. In other words, rather than the subjective intent of the officer, the test is whether a reasonable detainee under these circumstances would consider himself or herself under full custodial arrest. Typical manifestations of intent indicating custodial arrest are the handcuffing of the suspect and placement of the suspect in a patrol vehicle, presumably for transport. Craig, 115 Wash.App. at 196 n. 8, 61 P.3d 340. Telling the suspect that he or she is under arrest also suggests custodial arrest, unless the suspect is also told that he or she is free to go as soon as the citation is issued (rather than after he or she is booked, as was the case in Clausen and Craig). Id. at 196, 61 P.3d 340.
In this case, Deputy Nye first arrested Mr. Radka for driving with a suspended license. The trial court found that Deputy Nye could have made a custodial arrest but did not do so. The court further found that the deputy did not have a safety concern and intended to cite and release Mr. Radka. Although Deputy Nye told Mr. Radka he was under arrest and placed Mr. Radka in the patrol car, additional circumstances would indicate to a reasonable person that the arrest was not custodial. First, the deputy did not put Mr. Radka in handcuffs. Second, the deputy did not frisk Mr. Radka and allowed him to make cell telephone calls from the back of the patrol car, presumably to arrange transportation. Although the trial court erroneously considered Deputy Nye's subjective intent to cite and release Mr. Radka as a factor in determining whether the arrest was custodial, the additional circumstances of the arrest adequately support the conclusion that Mr. Radka's detention was noncustodial.
Under these circumstances, the record supports the trial court's finding that although Deputy Nye had probable cause for a custodial arrest of Mr. Radka, he did not actually place Mr. Radka under custodial arrest. Consequently, the deputy had no justification under article I, section 7 to execute a warrantless search incident to arrest. O'Neill, 148 Wash.2d at 585, 62 P.3d 489. The trial court properly granted Mr. Radka's motion to suppress the evidence.
Affirmed.
I CONCUR: KATO, J.
BROWN, C.J., dissenting.
There is no dispute as to the facts; therefore, we review de novo the trial court's conclusion of law as to the validity of the search of Leonard Radka's car. State v. Mendez, 137 Wash.2d 208, 970 P.2d 722 (1999). Before searching Mr. Radka's car, Deputy Ronald Nye announced to Mr. Radka that he was under arrest for driving with his license suspended as is authorized under RCW 10.31.100(3)(e). Before searching Mr. Radka's car, Deputy Nye then physically placed Mr. Radka in the back of his patrol car. "At that point, a reasonable person in [Mr. Radka's] position would not believe himself free to leave." State v. O'Neill, 148 Wash.2d 564, 582, 62 P.3d 489, 499 (2003). The deputy's unspoken subjective plan is irrelevant, as is whether or not Mr. Radka retained his cell phone or was handcuffed when locked in the patrol car. Our framework is objective. State v. Mennegar, 114 Wash.2d 304, 310-11, 787 P.2d 1347 (1990). We should reject Mr. Radka's suggestion to engage in a speculative analysis based upon an officer's subjective thought processes.
In my view, Mr. Radka was objectively seized and under custodial arrest when the search occurred. Thus, the trial court erred as a matter of law in concluding the search was not incident to a custodial arrest. Deputy Nye both announced Mr. Radka's arrest and placed Mr. Radka in locked physical custody in his patrol car before the search. As reasoned in O'Neill, "it is the arrest ... that constitutes the necessary authority of *1042 law for a search incident to arrest." O'Neill, 148 Wash.2d at 583-84, 62 P.3d 489.
Field officers routinely make arrest and release decisions in a variety of circumstances, a process we should not discourage. Deputy Nye's subjective planning to release Mr. Radka rather than book him after custodial arrest is irrelevant. See State v. O'Neill, 110 Wash.App. 604, 609, 43 P.3d 522 (2002) (booking policy release decisions are irrelevant if search is conducted incident to prior lawful custodial arrest). Equally, if Mr. Radka might have been released had he contacted someone to drive him home matters not. RCW 46.64.015(2) does not limit an officer's authority to initiate a custodial arrest for the offenses enumerated in RCW 10.31.100(3) and then search incident to that arrest even if booking might not follow after investigation. O'Neill, 110 Wash.App. at 609, 43 P.3d 522.
Finally, State v. McKenna, 91 Wash.App. 554, 958 P.2d 1017 (1998) is distinguishable because there the arresting officer had cited and released McKenna before the search took place. Here, objectively, Deputy Nye never released Mr. Radka after his custodial arrest, and merely formulated an unspoken, subjective release plan based upon undisclosed considerations.
I would reverse. Accordingly, I respectfully dissent.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] CrR 3.5 sets forth the procedure for determining whether an accused's out of court statements will be admissible at trial.