192 P.3d 935 (2008)
STATE of Washington, Respondent,
v.
Robert A. GERING, Appellant.
No. 26313-4-III.
Court of Appeals of Washington, Division 3.
July 31, 2008.
Publication Ordered September 25, 2008.
Janet G. Gemberling, Gemberling & Dooris PS, Seattle, WA, for Appellant.
Mark E. Lindsey, Spokane County Prosecutor's Office, Spokane, WA, for Respondent.
SCHULTHEIS, C.J.
¶ 1 Robert Aaron Gering appeals his conviction for possession of a controlled substance. We conclude that the officer had authority to arrest Mr. Gering, his arrest was custodial, the search incident to his arrest was lawful, and the trial court properly denied his motion to suppress.
¶ 2 On August 6, 2006 Mr. Gering was driving on Mullan Road between Appleway Boulevard and Sprague Avenue in Spokane Valley, Washington. Spokane County Sheriff's Deputy Ryan Smith ran a check on Mr. Gering's license plate. The Department of Licensing records showed that Mr. Gering was the registered owner and that his license *936 was suspended in the third degree. Deputy Smith also accessed an electronic image of a booking photograph of Mr. Gering from October 2005 in order to verify the identity of the driver.
¶ 3 Mr. Gering parked his car in front of a business and walked inside. Deputy Smith followed Mr. Gering inside, tapped him on the shoulder, and asked him to step outside. Once outside, Deputy Smith arrested Mr. Gering for driving while license suspended (DWLS) in the third degree. Mr. Gering was handcuffed and searched incident to his arrest.
¶ 4 A clear sandwich bag containing a crystalline substance was found in his front pocket. A field test indicated the presence of methamphetamine. Deputy Smith informed Mr. Gering of his constitutional rights, which Mr. Gering indicated he understood and waived. Mr. Gering admitted he obtained the methamphetamine earlier that day.
¶ 5 The State charged Mr. Gering with possession of a controlled substance (methamphetamine). Mr. Gering filed a motion to suppress. He argued that because the Spokane County Jail was on emergency status on the day of his arrest and the deputy knew that Mr. Gering would not have been accepted for booking for a DWLS charge, the deputy did not intend to undertake a custodial arrest. The trial court disagreed. After finding substantially the same facts as set forth above, the trial court concluded that the deputy manifested an objective intent to arrest Mr. Gering when the deputy followed Mr. Gering into the store, touched him on the shoulder, asked him to leave the store, arrested him, and placed him in custody by handcuffing him.
¶ 6 Mr. Gering agreed to a stipulated facts trial. The judge found Mr. Gering guilty of possession of a controlled substance. This timely appeal follows.
¶ 7 Deputy Smith had probable cause to believe that Mr. Gering had violated RCW 46.20.342(1), by driving with a suspended license. The deputy therefore had the authority to make a full custodial arrest. RCW 10.31.100(3)(e). But the deputy could have also elected to arrest Mr. Gering by a temporary detention while the deputy issued a citation. RCW 46.64.015. The search incident to arrest was lawful only if the arrest was custodial. State v. Craig, 115 Wash.App. 191, 195, 61 P.3d 340 (2002).
¶ 8 A lawful, actual custodial arrest is a "`constitutionally required prerequisite to any search incident to arrest.'" State v. O'Neill, 148 Wash.2d 564, 587, 62 P.3d 489 (2003) (quoting State v. Parker, 139 Wash.2d 486, 496, 987 P.2d 73 (1999)). Appellate courts review a trial court's custodial determination de novo. State v. Lorenz, 152 Wash.2d 22, 36, 93 P.3d 133 (2004).
¶ 9 "[T]he determination of custody hinges upon the `manifestation' of the arresting officer's intent." State v. Radka, 120 Wash.App. 43, 49, 83 P.3d 1038 (2004) (citing State v. Clausen, 113 Wash.App. 657, 660-61, 56 P.3d 587 (2002) and Craig, 115 Wash.App. at 196, 61 P.3d 340). A suspect is in custody if a reasonable person in the suspect's circumstances would believe his movements were restricted to a degree associated with "formal arrest." Lorenz, 152 Wash.2d at 36-37, 93 P.3d 133 (citing Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). "[T]he test is whether a reasonable detainee under these circumstances would consider himself or herself under full custodial arrest." Radka, 120 Wash.App. at 49, 83 P.3d 1038. When a suspect is handcuffed, placed in a patrol car, and told he or she is under arrest suggests custodial arrest, unless the suspect is told he or she will be free to go after the citation is issued. Id. at 49-50, 83 P.3d 1038.
¶ 10 Here, Deputy Smith asked Mr. Gering out of the store, arrested him, and handcuffed him. While the record does not state that Mr. Gering was told he was under arrest, there is no indication that the deputy told Mr. Gering he was free to leave before searching him incident to arrest.
¶ 11 Mr. Gering argues that handcuffing can also be indicative of mere investigative detention. State v. Williams, 102 Wash.2d 733, 740-41, 689 P.2d 1065 (1984); State v. Cunningham, 116 Wash.App. 219, 229, 65 P.3d 325 (2003). But, as the State correctly points out, nothing remained to investigate. *937 All of the elements of the crime were known and Mr. Gering's identity was confirmed.
¶ 12 Affirmed.
WE CONCUR: SWEENEY and BROWN, JJ.