IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33990-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JEROME CURRY JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Following a jury trial, Jerome Curry Jr. was convicted of two counts of possession of a controlled substance. His case returns to this court on remand from the Washington Supreme Court following the State's successful appeal of this court's prior decision. *State v. Curry*, 191 Wn.2d 475, 423 P.3d 179 (2018). Addressing the remaining claims on appeal, we now affirm Mr. Curry's judgment of conviction.

FACTS

Mr. Curry was stopped by police based upon an officer's belief that Mr. Curry matched the description of a robbery suspect: a black male wearing blue jeans and a dark jacket. During the stop, it was determined that Mr. Curry was not the suspect. But because Mr. Curry had outstanding warrants, he was arrested and searched. The search turned up heroin and methamphetamine.

No. 33990-4-III
*State v. Curry*

The State charged Mr. Curry with two counts of possessing controlled substances. Mr. Curry was granted leave to represent himself pro se. Like many pro se defendants, Mr. Curry's choice to represent himself was accompanied by some procedural stumbles.[1] Prior to trial, Mr. Curry unsuccessfully sought an evidentiary hearing in support of his motion to suppress the State's drug evidence. At trial, Mr. Curry unsuccessfully attempted to introduce a copy of the computer aided dispatch (CAD) over the State's hearsay and foundation objections. Mr. Curry was convicted as charged.

ANALYSIS

*CrR 3.6 evidentiary hearing*

Mr. Curry argues the trial court erred in denying his motion for an evidentiary hearing under CrR 3.6. Mr. Curry moved to suppress the State's drug evidence, arguing it was discovered when police illegally searched his person. He claimed the police did not ask for his name (and thus discover the outstanding warrants) until after he was searched. In its response to the motion to suppress, the State appended a copy of the police report, which detailed contrary facts. After reading the materials and hearing oral argument, the court denied Mr. Curry's motion to suppress, finding as follows:

---

[1] Such stumbles are not, in and of themselves, grounds for relief from conviction. Pro se defendants are held to the same substantive and procedural rules as lawyers. *See State v. Bebb*, 108 Wn.2d 515, 524, 740 P.2d 829 (1987).

> Defendant was stopped near the scene of a reported robbery as a possible suspect. He was detained and identified. An arrest warrant was discovered to exist, and controlled substances were discovered on his person pursuant to arrest. He now asserts that his detention was improper based on racial profiling and lack of articulable suspicion to detain.
>
> . . . .
>
> While the defendant files a memorandum in which he generally complains about the circumstances of his arrest, he did not comply with [CrR 3.6]. Although this court may grant some leeway to [a] *pro se* defendant in these circumstances, it cannot waive the rule altogether. Even if the court were to consider his oral arguments in the form of an affidavit, he still does not make out a case for suppression. The facts on file appear to support a generalized suspect description, which is not unusual. Defendant's detention appears to be brief and only ripened into an arrest when a warrant was discovered upon routine identification. The fact that he was eventually eliminated as a robbery suspect does not abrogate those facts. Accordingly his assertion does not meet the criteria for an evidentiary hearing and his motion fails.

Clerk's Papers at 89.

Mr. Curry's assignment of error is unconvincing. While the trial court may have had discretion to overlook the requirements of CrR 3.6, it was not required to do so. *See State v. Radka*, 120 Wn. App. 43, 47-48, 83 P.3d 1038 (2004). The trial court did not err in denying Mr. Curry's request for an evidentiary hearing based on his failure to adhere to CrR 3.6's requirements.

*CAD report*

Mr. Curry contends the court erred in refusing to admit the CAD report at trial. He claims the report was admissible under the Uniform Business Records as Evidence Act,

chapter 5.45 RCW, and ER 803(a)(7).

The problem with Mr. Curry's evidentiary argument is that he never established a foundation for admission of the CAD report. While the CAD report may have been a business record, the rules of evidence still required Mr. Curry to lay a foundation for the document, establishing it as such. RCW 5.45.020 (requiring foundation from the records custodian or other qualified witness). He did not do so. Instead, Mr. Curry attempted to introduce the CAD report during his own testimony. The trial court acted within its discretion in sustaining the State's objection to admission of the record.

## CONCLUSION

Mr. Curry's convictions are affirmed. The State shall not be awarded appellate costs based on Mr. Curry's uncontested request to deny costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Fearing, J.

4